# Exhibit 1

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>LAW OFFICES OF GREGORY A. DOUGLAS<br>Gregory A. Douglas, Esq., SBN #147166<br>Jamie A. McCrary, Esq. SBN #287023<br>5500 Bolsa Ave., Ste. 201<br>Huntington Beach, CA 92649<br>    TELEPHONE NO: (562) 252-8800   FAX NO. *(Optional)*: (562) 256-1006<br>E-MAIL ADDRESS *(Optional)*: greg@gdouglaslaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Hugh Diltz | *FOR COURT USE ONLY* |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA |
|---|
|    STREET ADDRESS: 1225 Fallon St., |
|    MAILING ADDRESS: |
|    CITY AND ZIP CODE: Oakland, CA 94612-4293 |
|    BRANCH NAME: Rene C. Davidson Courthouse |

| PLAINTIFF/PETITIONER: HUGH DILTZ |
|---|
| DEFENDANT/RESPONDENT: CONVERGINT TECHNOLOGIES LLC, ET AL. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG16823242 |
|---|---|

TO *(insert name of party being served)*: <u>CONVERGINT TECHNOLOGIES LLC, a limited liability corporation</u>

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: July 19, 2016

<u>Catalina Duran</u>
       (TYPE OR PRINT NAME)

▶ _____
    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:

    Notice of Case Management Conference and Order; Notice of Assignment of Judge for All Purposes; and ADR Packet

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| LAW OFFICES OF GREGORY A. DOUGLAS<br>Gregory A. Douglas, Esq. SBN #147166<br>Jamie A. McCrary, Esq. SBN #287023<br>5500 Bolsa Ave., Ste. 201<br>Huntington Beach, CA 92649<br>TELEPHONE NO.: (562) 252-8800     FAX NO. *(Optional):* (562) 256-1006<br>E-MAIL ADDRESS *(Optional):* greg@gdouglaslaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Hugh Diltz | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St.,
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612-4293
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: HUGH DILTZ

DEFENDANT/RESPONDENT: CONVERGINT TECHNOLOGIES LLC, ET AL.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RG16823242 |
|---|---|

TO *(insert name of party being served):* CONVERGINT TECHNOLOGIES LLC, a limited liability corporation

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 19, 2016

Catalina Duran
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
       Notice of Case Management Conference and Order; Notice of Assignment of Judge for All
       Purposes; and ADR Packet

*(To be completed by recipient):*

Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

**POS-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>LAW OFFICES OF GREGORY A. DOUGLAS<br>Gregory A. Douglas, Esq. SBN #147166<br>Jamie A. McCrary, Esq. SBN #287023<br>5500 Bolsa Ave., Ste. 201, Huntington Beach, CA 92649<br>TELEPHONE NO.: 562-252-8800     FAX NO. *(Optional):* 562-256-1006<br>E-MAIL ADDRESS *(Optional):* greg@gdouglaslaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Hugh Diltz | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA<br>STREET ADDRESS: 1225 Fallon St.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: Rene C. Davidson Courthouse |

| | |
|---|---|
| PLAINTIFF/PETITIONER: HUGH DILTZ<br><br>DEFENDANT/RESPONDENT: CONVERGINT TECHNOLOGIES LLC, ET AL. | CASE NUMBER:<br>RG16823242 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Assignment of Judge and Notice of CMC & Order

3. a. Party served *(specify name of party as shown on documents served):*
      CONVERGINT TECHNOLOGIES LLC, a limited liability corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Brian Easley, Esq. - Jones Day

4. Address where the party was served:
   77 West Wacker, Chicago, IL 60601-1692

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*     (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*     at *(time):*     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*     from *(city):*     or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| PLAINTIFF/PETITIONER: HUGH DILTZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CONVERGINT TECHNOLOGIES LLC, ET AL. | RG16823242 |

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* July 19, 2016      (2) from *(city):* Huntington Beach, CA

    (3) [✓] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [✓] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify):* CONVERGINT TECHNOLOGIES LLC, a limited liability corporation
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [✓] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**
  a. Name: Catalina Duran
  b. Address: 5500 Bolsa Ave., Ste. 201, Huntington Beach, CA  92649
  c. Telephone number: (562) 252-8800
  d. **The fee** for service was: $
  e. I am:
    (1) [✓] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i) [ ] owner [ ] employee [ ] independent contractor.
      (ii) Registration No.:
      (iii) County:

8. [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: July 19, 2016

Catalina Duran
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▸ _____
(SIGNATURE)

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CONVERGINT TECHNOLOGIES LLC, a limited liability corporation;
DOES 1-10, business entit(ies), form(s) unknown; DOES 11-20,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HUGH DILTZ, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED
FILED
ALAMEDA COUNTY**

JUL 1 4 2016

CLERK OF THE SUPERIOR COURT
By _____
JANE THOMAS, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Alameda Superior Court<br><br>Rene C. Davidson Courthouse<br>1225 Fallon St., Oakland, CA  94612-4293 | CASE NUMBER:<br>*(Número del Caso):*<br>RG16823242 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Gregory A Douglas, 5500 Bolsa Ave. Ste 201, Huntington Beach, CA 92649 (562) 252-8800

| | | | | |
|---|---|---|---|---|
| DATE:  JUL 1 4 2016<br>*(Fecha)*  Chad Finke | Clerk, by<br>*(Secretario)* | _____ | , Deputy<br>*(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
             ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hugh Diltz vs. Convergint Technologies LLC, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

individual(s); and DOES 21-30, inclusive,

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
**Attachment to Summons**

1  GREGORY A. DOUGLAS, ESQ. (SBN 147166)
   JAMIE McCRARY, ESQ. (SBN 287023)
2  LAW OFFICES OF GREGORY A. DOUGLAS
   5500 Bolsa Ave., Ste. 201
3  Huntington Beach, CA 92649
   Tel.:   (562) 252-8800
4  Fax:   (562) 256-1006
   [ATTY EMAIL]
5
6  Attorneys for PLAINTIFF(s)
   HUGH DILTZ
7

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

JUL 1 4 2016

CLERK OF THE SUPERIOR COURT
By _____
JAMIE THOMAS, Deputy

8
9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF ALAMEDA

11  HUGH DILTZ, an individual,

12            PLAINTIFF,

13  vs.

14
15  CONVERGINT TECHNOLOGIES LLC, a
    limited liability corporation; DOES 1-10,
16  business entit(ies), form(s) unknown; DOES
    11-20, individual(s); and DOES 21-30,
17  inclusive,

18            Defendant(s).

19

Case No. **RG 1 6 8 2 3 2 4 2**

**COMPLAINT FOR DAMAGES,
RESTITUTION AND STATUTORY
PENALTIES**

1.  **Failure to Pay Overtime** [Lab. C. §§ 510, 558, 1194, 1198, 2699, and 2699.3 and IWC Orders];
2.  **Failure to Maintain Records** [Lab. C. §§ 558, 1174, 1174.5, 2699, 2699.3 and 2699.5];
3.  **Failure to Provide Accurate Itemized Statements** [Lab. C. §§ 226, 226.3, 558, 2699, 2699.3 and 2699.5];
4.  **Failure to Pay Minimum Wage** [Lab. C. §§ 1197, 1197.1, 1194, 1194.2, 2699, and 2699.3 and IWC Orders];
5.  **Failure to Pay Wage on Established Paydays** [Lab. C. §§ 204, 210, 2699, and 2699.3];
6.  **Failure to Pay all Wages at Time of Discharge** [Lab. C. §§ 201, 202, 203, 227.3, 558, 2699, 2699.3 and 2699.5];
7.  **Unfair Competition** [B&PC § 17200-*et seq.*];

20

21

22

23

24

25      **COMES NOW** PLAINTIFF HUGH DILTZ ("PLAINTIFF") complains and alleges against

26  the above-named DEFENDANTS CONVERGINT TECHNOLOGIES LLC, DOES 1-10, DOES 11-

27  20, and DOES 21-30, inclusive (collectively "DEFENDANTS") (collectively "DEFENDANTS"), and

28  each of them, for causes of action as follows:

1

LAW OFFICES OF
GREGORY A.
DOUGLAS

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

**GENERAL ALLEGATIONS**

1.      PLAINTIFF, bring this action against DEFENDANTS, and each of them, for statutory damages, injunctive relief, prejudgment interest, costs, attorney's fees, restitution, penalties, and other appropriate relief for DEFENDANTS, and each of their violations of the Orders of the Industrial Welfare Commission applicable to PLAINTIFF's' industry and occupation, including, but not limited to, Wage Order No. 1-2001 (collectively "Wage Orders"), and various sections of the California Labor Code ("Labor Code") as alleged in this Complaint, and California Business & Professions Code §§ 17200-et seq.

2.      On MARCH 10, 2016, PLAINTIFF by certified mail served notice of the Labor Code violations alleged in this Complaint, in the manner required by Labor Code § 2699.3, on the California Labor & Workforce Development Agency, 801 K Street, Suite 2101, Sacramento, CA 95814 (hereinafter the "Labor Board"). Said notice was also served by certified mail on DEFENDANTS, and each of them, at their last known addresses, respectively. Upon the expiration of thirty-three (33) days or more following the sending of the notice, and neither of the PLAINTIFF herein, nor PLAINTIFF's counsel have received notice from the Labor Board that said agency was accepting PLAINTIFF's respective claims for prosecution, PLAINTIFF alleges the right to proceed with all remedies provided by law, including in addition to any compensatory damages awarded on PLAINTIFF's Complaint herein, any and all statutory penalties which are collectible by PLAINTIFF under the provisions of Labor Code §§ 2698-2699.5, commonly known as the Labor Code Private Attorney General Act of 2004.

3.      To the extent that PLAINTIFF, and each of them, allege a private right of action for penalties under Labor Code §§ 2698-2699.5, PLAINTIFF, and each of them, bring said civil action on behalf of PLAINTIFF individually and other current or former employees against DEFENDANTS, and each of them.

4.      Jurisdiction is proper in this Court because alleged damages exceed $25,000.00 and PLAINTIFF seeks a permanent injunction according to California Code of Civil Procedure ("CCP") § 580 (b)(2).

5.      Whenever, in this Complaint, a reference is made to "and each of them" when referring

2

LAW OFFICES OF
GREGORY A.
DOUGLAS

1  to DEFENDANTS, such allegation shall be deemed to mean the referenced DEFENDANTS

2  individually, jointly, and/or severally.

3       6.    Whenever, in this Complaint, a reference is made to "at all relevant times," such

4  allegation shall be deemed to mean PLAINTIFF's employment with DEFENDANTS, and each of

5  them, starting from the four year period preceding the filing of this Complaint through and including

6  the date of termination of the employment relationship between PLAINTIFF and DEFENDANTS, and

7  each of them, respectively.

8                      **THE PARTIES**

9       7.    HUGH DILTZ ("DILTZ") is and, at all relevant times herein, was a resident of

10  Alameda County, State of California.  At all relevant times herein, DILTZ was employed by

11  DEFENDANTS, and each of them, in the State of California.

12       8.    PLAINTIFF is informed and believes, and on that basis alleges, that Defendant

13  CONVERGINT TECHNOLOGIES LLC ("CONVERGINT"), is and, at all relevant times herein, was

14  a business limited liability corporation organized, existing, and authorized to do business under the

15  laws of the State of California, and doing business at 6634 OWENS DRIVE, PLEASANTON, CA

16  94588, in the County of ALAMEDA, State of California.  At all relevant times herein,

17  CONVERGINT was the employer of PLAINTIFF, in the State of California.

18       9.    PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued

19  herein as DOES 1-10, but is informed and believes that DOES 1-10 are business entities (form

20  unknown) and employers (joint or otherwise) of PLAINTIFF.  PLAINTIFF is ignorant of the true

21  names and residences of DEFENDANTS sued herein as DOES 11-20, but is informed and believes

22  that DOES 11-20 are natural persons (individuals) and employers (joint or otherwise) of PLAINTIFF.

23  PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 21-

24  30. Based upon the foregoing, PLAINTIFF sues DOES 1-10, DOES 11-20, and DOES 21-30

25  (collectively "DOE DEFENDANTS") by such fictitious names and capacities.  PLAINTIFF will

26  amend this complaint to show said DOE DEFENDANTS' true names and capacities when they have

27  been ascertained. PLAINTIFF is informed and believes, and on that basis allege, that each of the DOE

28  DEFENDANTS acted wrongfully, maliciously, intentionally and negligently; violated the Wage

LAW OFFICES OF
GREGORY A.
DOUGLAS

1    Orders and the Labor Code as alleged in this Complaint; that each is legally responsible in some

2    manner for the events, happenings, and/or occurrences alleged in this Complaint; and that the injuries

3    and damages of PLAINTIFF were proximately caused by DOE DEFENDANTS, either through their

4    own conduct or through the conduct of their agents and/or employees.

5          10.     PLAINTIFF is informed and believes, and on that basis alleges, that, at all relevant

6    times herein DEFENDANTS, and each of them, maintained offices, operated businesses, employed

7    persons, conducted business in, and paid employees by illegal payroll practices and policies in the

8    County of ALAMEDA.

9          11.     PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS,

10   and each of them, is, and at all times relevant hereto was, a person, corporation or other business entity

11   existing and operating within the confines of the State of California, and thus subject to the jurisdiction

12   of the California courts by reason of "minimum contacts" in California, and/or by purposeful

13   availment of the California market for labor of the kind provided by PLAINTIFF, and did transact and

14   conduct business in the State of California, and are thus subject to the jurisdiction of all laws,

15   regulations and court decisions rendered by the State of California.

16                               **AGENCY ALLEGATIONS**

17          12.     PLAINTIFF is informed and believes, and thereon alleges, that, at all relevant times

18   herein, DEFENDANTS, and each of them, were the partner, officer, director, agent, employee, servant

19   and/or representative of each of the remaining DEFENDANTS, and in doing the things as alleged in

20   this Complaint, were acting within the course, scope, and/or authority of such agency, service,

21   employment, partnership and/or joint venture, and with the consent, knowledge, approval and

22   ratification of each of the other DEFENDANTS.

23          13.     PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS,

24   and each of them, at all relevant times herein:

25            a.   Managed the business for which PLAINTIFF was employed;

26            b.   Exercised and/or employed direct control over the wages, hours, and working

27                conditions of PLAINTIFF, whether personally or through an agent or any other

28                person;

c. Exercised and/or employed indirect control over the wages, hours, and working conditions of PLAINTIFF, whether personally or through an agent or any other person;

d. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the misclassification and/or wrongful treatment of PLAINTIFF as an exempt employee for purposes of exemption from the applicable Wage Orders and/or Labor Code;

e. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortuous and unlawful acts of commission or omission which are in violation of the applicable Wage Orders and/or Labor Code, as alleged in this Complaint, and incorporated herein by reference;

f. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortuous and unlawful acts of commission or omission which caused the other DEFENDANTS, and each of them, to violate the applicable Wage Orders and/or Labor Code, as alleged in this Complaint, and incorporated herein by reference;

g. Authorized, directed, sanctioned, consented, cooperated, approved, aided, instigated, assisted, participated in, made the decision to, and/or voted for the tortuous and unlawful acts of commission or omission which have operated to the injury and prejudice of PLAINTIFF, as alleged in this Complaint, and incorporated herein by reference;

h. Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control was in violation of the applicable Wage Orders and/or Labor Code, and he/she/it failed to take or order appropriate action to remedy and/or avoid the violation of the applicable Wage Orders and/or Labor Code as alleged in this Complaint, and incorporated herein by reference;

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

i.   Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control caused the other DEFENDANTS, and each of them, to violate the applicable Wage Orders and/or Labor Code, and he/she/it failed to take or order appropriate action to remedy and/or avoid the violation of the applicable Wage Orders and/or Labor Code by the other DEFENDANTS, and each of them, as alleged in this Complaint, and incorporated herein by reference;

j.   Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control was injuring PLAINTIFF and he/she/it failed to take or order appropriate action to avoid the harm;

k.   Acting in concert, knowingly and willfully conspired among themselves and agreed to and did institute a plan pursuant to which the DEFENDANTS, and each of them, required PLAINTIFF to work unpaid overtime hours notwithstanding the fact that PLAINTIFF was not exempt from the requirement to pay overtime compensation under any applicable exemption under the Wage Orders and/or Labor Code;

l.   Furthered the conspiracy by cooperation with *or* lent aid and encouragement to *or* ratified and adopted the acts of each of the other DEFENDANTS, and each of them, including, but not limited to, their refusal and failure to ensure proper payment of wages to PLAINTIFF and instead voting for or otherwise approving continuing unlawful wage practices, refusing to properly investigate and ensure PLAINTIFF was treated in compliance with the applicable Wage Orders and Labor Code, as alleged in this Complaint, and instead voting for or otherwise approving continued violations of the applicable Wage Orders and Labor Code and breaches of duty.

## ALTER EGO ALLEGATIONS

14.    PLAINTIFF is informed and believes, and on that basis alleges, that at all times herein mentioned, each of the DEFENDANTS was the alter ego of the remaining DEFENDANTS, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining DEFENDANTS. PLAINTIFF is informed and believes, and thereon alleges, that there exists a unity of ownership and interest, between one or more of DEFENDANTS herein and one or more of the other

6

LAW OFFICES OF
GREGORY A.
DOUGLAS

1  DEFENDANTS herein, such that any individuality and separateness between said DEFENDANTS has

2  ceased, and the said other DEFENDANTS, and each of them, was at all times relevant to

3  PLAINTIFF's claim, the alter ego of and all other DEFENDANTS.

4       15.    PLAINTIFF is informed and believes, and on that basis alleges, that the Court's

5  adherence to the fiction of the separate existence of any or all DEFENDANTS as entities distinct from

6  the other DEFENDANTS would permit an abuse of the corporate privilege, would sanction fraud

7  and/or promote injustice in that said DEFENDANTS, and each of them, have defaulted on their

8  individual and collective obligations to PLAINTIFF under California law.

9       16.    PLAINTIFF is informed and believes, and on that basis alleges, that one or more of

10  DEFENDANTS herein was an entity which is, and at all times herein mentioned was, controlled,

11  dominated, and operated by one or more of the other DEFENDANTS and in that the activities and

12  business of the other DEFENDANTS was carried on without the holding of director's or shareholders

13  meetings and no records or minutes of any corporate proceedings were maintained.

14       17.    PLAINTIFF is informed and believes, and on that basis alleges, that one or more of

15  DEFENDANTS herein, and all other business entity DEFENDANTS herein, is and at all times herein

16  mentioned was, a mere shell and sham without the requisite capital and assets. Thus, said all other

17  business entity DEFENDANTS herein, is and at all times herein mentioned was, so inadequately

18  capitalized that, compared with the business to be done by DEFENDANTS, said capitalization was

19  inadequate to do business properly and legally under California law.

20       18.    At all relevant times herein, DEFENDANTS, and each of them, were subject to the

21  Labor Codes of the State of California, and to the existing and applicable Wage Orders.

22           **FACTS COMMON TO ALL CAUSES OF ACTION**

23       19.    At all relevant times herein, the employment of PLAINTIFF was subject to the

24  provisions of the Labor Code and to the Wage Orders. At all relevant times herein, the Wage Orders

25  applied to the wages, hours, and working conditions of PLAINTIFF employed by DEFENDANTS,

26  and each of them.

27       20.    DILTZ was employed as a SERVICE SPECIALIST with DEFENDANTS, and each of

28  them, continuously from on or about SEPTEMBER 2, 2010 until termination of the employment

7

1  relationship on or about DECEMBER 21, 2015.  DILTZ's job title did not necessarily accurately

2  describe the work performed.

3      21.    At all relevant times, DILTZ was not primarily engaged (more than 50 percent of the

4  time) in duties that meet any of the exemptions as defined in the Wage Orders and Labor Code. At all

5  relevant times, DILTZ was a non-exempt employee entitled to the protections of the Wage Orders and

6  Labor Code as alleged in this Complaint, and incorporated herein by reference.

7      22.    At all relevant times herein, DILTZ routinely worked in excess of eight (8) hours per

8  day and forty (40) hours per week. At all relevant times herein, DEFENDANTS, and each of them,

9  routinely and systematically failed to properly record accurate time records for DILTZ showing when

10  DILTZ began and ended each work period.

11      23.    At all relevant times herein, DILTZ was typically paid a wage, without regard to the

12  amount of hours actually worked by DILTZ ("Wage Rate").

13      24.    By failing to properly record the actual hours worked by DILTZ, and paying to DILTZ

14  the Wage Rate regardless of hours worked by DILTZ, DEFENDANTS, and each of them, routinely

15  and systematically failed to compensate DILTZ for all wages to which DILTZ was entitled.

16      25.    PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times

17  herein, DILTZ was entitled to an hourly rate of pay of approximately $36.71 per hour.

18      26.    DEFENDANTS, and each of them, routinely and systematically failed to pay to

19  PLAINTIFF all wages owed for all hours actually worked.

20      27.    Throughout PLAINTIFF's employment, DEFENDANTS, and each of them, failed to

21  provide PLAINTIFF with accurate itemized wage statements showing the correct number of hours

22  worked by PLAINTIFF at the effective regular and overtime rates of pay applicable to those hours

23  worked.

24      28.    On or about MARCH 10, 2016, PLAINTIFF sent a letter to DEFENDANTS

25  CONVERGINT, requesting to inspect or copy PLAINTIFF's employment records, as soon as

26  practicable, but no later than 21 calendar days from the date of the request. DEFENDANTS

27  CONVERGINT, failed and refused to permit PLAINTIFF to inspect or copy PLAINTIFF's

28  employment records within the time set forth in Labor Code § 226 (c).

8

29.     As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Codes and Wage Orders, PLAINTIFF has suffered, and continues to suffer losses related to the use and enjoyment of wages and lost interest on such wages all to PLAINTIFF's damage, respectively, in amounts according to proof at trial.

## FIRST CAUSE OF ACTION

**(Failure to Pay Overtime – Labor Code §§ 510, 558, 1194, 1198, 2699, and 2699.3 and Section 3 of the Applicable Wage Orders Against All DEFENDANTS)**

30.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

31.     Pursuant to Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to Section 3 of the Wage Orders applicable to PLAINTIFF's industry and occupation, DEFENDANTS, and each of them, were required to compensate PLAINTIFF overtime compensation at prescribed hourly overtime rates for all overtime hours actually worked.

32.     At all relevant times herein, DEFENDANTS, and each of them, have failed and refused to properly calculate overtime compensation to PLAINTIFF as required by law.

33.     At all relevant times herein, DEFENDANTS, and each of them, routinely and systematically failed to properly record accurate time records for PLAINTIFF, showing when PLAINTIFF began and ended each work period.

34.     At all relevant times herein, DEFENDANTS, and each of them, paid PLAINTIFF's Wage Rate regardless of the actual hours worked.

35.     By failing to properly record the actual hours worked by PLAINTIFF, and paying to PLAINTIFF the Wage Rate regardless of the actual hours worked, DEFENDANTS, and each of them, routinely and systematically failed to pay PLAINTIFF for the premium pay for all of PLAINTIFF's overtime hours as required by Labor Code §§ 510, 558, 1194, 1198 and related statutes, and also pursuant to Section 3 of the Wage Orders applicable to PLAINTIFF's industry and occupation.

36.     At all relevant times herein, DEFENDANTS, and each of them, failed and refused to compensate PLAINTIFF for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, as required under the aforementioned labor regulations. Specifically,

9

1   DEFENDANTS, and each of them, failed to compensate PLAINTIFF for overtime hours worked in

2   excess of eight (8) hours per day, forty (40) hours per week, and/or for the first eight (8) hours worked

3   on the seventh (7th) consecutive day of work in a workweek at one and one-half (1½) times the regular

4   rate of pay; and/or double-time hours for hours worked in excess of twelve (12) hours per day and for

5   all hours worked in excess of eight (8) hours on the seventh (7th) consecutive workday.

6        37.    As a direct and proximate result of the willful, knowing, and intentional violation of

7   Labor Code §§ 510 and 1198, and/or section 3 of the Wage Orders regulating hours and days of work

8   by DEFENDANTS, and each of them, PLAINTIFF has been damaged in that the PLAINTIFF has not

9   received all wages due and owing, and has suffered, and continues to suffer losses related to the use

10   and enjoyment of wages and lost interest on such wages all to PLAINTIFF's damage in amounts

11   according to proof at trial.

12        38.    As a direct and proximate result of the conduct of DEFENDANTS, and each of them,

13   in violation of Labor Code §§ 510 and 1198, and/or section 3 of the Wage Orders regulating hours and

14   days of work, PLAINTIFF is entitled, pursuant to Labor Code § 1194(a), to recover the unpaid balance

15   of the full amount of this overtime wage compensation due, including interest thereon, together with

16   reasonable attorney's fees and costs of suit.

17        39.    Labor Code § 558 provides for a civil penalty to be assessed against any employer or

18   other person acting on behalf of an employer who violates, or causes to be violated Labor Code § 510

19   and/or section 3 of the Wage Orders, regulating hours and days of work.

20        40.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS,

21   and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of

22   PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations

23   alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

24        41.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS,

25   and each of them, at all relevant times herein, were PLAINTIFF's "employer" as defined by the Wage

26   Orders for purposes of violations of Wage Orders alleged in this cause of action, and are therefore

27   subject to civil penalties payable to PLAINTIFF. The Wage Orders define "employer" as any person

28

LAW OFFICES OF
GREGORY A.
DOUGLAS

1  "who directly or indirectly, or through an agent or any other person, employs or exercises control over

2  wages, hours, or working conditions of any person."

3      42.    As a direct and proximate result of the conduct of DEFENDANTS, and each of them,

4  in violation of Labor Code § 510 and/or section 3 of the Wage Orders, PLAINTIFF is entitled,

5  pursuant to Labor Code §§ 558, 2699, and 2699.3, to recover a penalty of $50 for each underpaid

6  employee for each pay period for which the employee is underpaid in addition to an amount sufficient

7  to recover underpaid wages for any initial violation; and $100 for each underpaid employee for each

8  pay period for which the employee is underpaid in additional to an amount sufficient to recover unpaid

9  wages for each subsequent violation.

10      43.    PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1),

11  as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action,

12  prior to commencing this action. PLAINTIFF therefore has a private right of action against

13  DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

14  **SECOND CAUSE OF ACTION**

15  **(Failure to Maintain Records - Labor Code §§ 558, 1174, 1174.5, 2699, 2699.3 and 2699.5**

16  **Against CONVERGINT, DOES 1-10, and DOES 11-20)**

17      44.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each

18  and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

19      45.    Labor Code § 1174 (c) and (d) requires employers to keep records showing the names

20  and addresses of all employees employed and the ages of all minors, and to keep, at a central location

21  in the state or at the plants or establishments at which employees are employed, payroll records

22  showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned

23  by and any applicable piece rate paid to, employees employed at the respective plants or

24  establishments. These records are required to be kept in accordance with rules established for this

25  purpose by the commission, but in any case shall be kept on file for not less than two years.

26      46.    At all relevant times herein, CONVERGINT, DOES 1-10, and DOES 11-20 knowingly,

27  intentionally, and willfully violated Labor Code § 1174 (c) and (d) by knowingly, intentionally, and

28

LAW OFFICES OF
GREGORY A.
DOUGLAS

1  willfully failing to keep accurate and complete payroll records reflecting the number of hours worked

2  daily by PLAINTIFF and the wages paid to PLAINTIFF.

3      47.    Labor Code § 1174.5 provides that any person employing labor who willfully fails to

4  maintain the records required by Labor Code § 1174 (c), or accurate and complete records required by

5  Labor Code § 1174 (d), shall be subject to a civil penalty in the amount of $500.

6      48.    Labor Code § 558 provides for a civil penalty to be assessed against any employer or

7  other person acting on behalf of an employer who violates, or causes to be violated, a provision of the

8  California Labor Code regulating wages, hours and working conditions.

9      49.    PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and

10  each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of

11  PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations

12  alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

13      50.    As a direct and proximate result of the willful conduct of CONVERGINT, DOES 1-10,

14  and DOES 11-20 in violation of Labor Code §§ 558, 1174 (c) and (d), PLAINTIFF is entitled to an

15  award of a civil penalty in the amount of $500 pursuant to Labor Code § 1174.5.

16      51.    PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1),

17  as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action,

18  prior to commencing this action. PLAINTIFF therefore has a private right of action against

19  CONVERGINT, DOES 1-10, and DOES 11-20 for penalties under Labor Code §§ 2698-2699.5.

20  **THIRD CAUSE OF ACTION**

21  **(Failure to Provide Accurate Itemized Statements - Labor Code §§ 226, 226.3, 553, 2699, 2699.3**

22  **AND 2699.5 Against CONVERGINT, DOES 1-10, and DOES 11-20)**

23      52.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each

24  and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

25      53.    Labor Code § 226(a) requires employers, semimonthly or at the time of each payment

26  of wages, to furnish each of its employees an accurate itemized statement in writing showing (1) gross

27  wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units and rates, if

28  applicable, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the

1  employee is paid, (7) the name of the employee and his or her social security number, (8) the name

2  and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during

3  the pay period and the corresponding number of hours worked at each hourly rate by the employee.

4      54.     Labor Code § 558 provides for a civil penalty to be assessed against any employer or

5  other person acting on behalf of an employer who violates, or causes to be violated, a provision of the

6  California Labor Code regulating wages, hours and working conditions.

7      55.     PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and

8  each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of

9  PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations

10  alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

11      56.     At all relevant times herein, CONVERGINT, DOES 1-10, and DOES 11-20 knowingly

12  and intentionally violated Labor Code § 226 by knowingly and intentionally failing to provide

13  PLAINTIFF with properly and accurately itemize statements reflecting the number of hours worked

14  by PLAINTIFF at the effective regular rates of pay and the effective overtime rates of pay.

15      57.     As a direct and proximate result of the conduct of CONVERGINT, DOES 1-10, and

16  DOES 11-20 in violation of Labor Code § 226(a), PLAINTIFF has suffered injury. These injuries

17  include, but are not limited to, costs expended calculating PLAINTIFF's actual hours worked and the

18  amount of employment taxes which were not properly paid to state and federal tax authorities, which

19  are difficult to estimate.

20      58.     As a direct and proximate result of the conduct of CONVERGINT, DOES 1-10, and

21  DOES 11-20 in violation of Labor Code § 226(a), PLAINTIFF is entitled to recover the greater of all

22  actual damages or $50 for the initial pay period in which the violation occurred, and $100.00 per

23  employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000,

24  and is entitled to an award of costs and reasonable attorney's fees.

25      59.     Labor Code § 226.3 provides that any employer who violates Labor Code § 226(a), or

26  who fails to keep the records required in Labor Code § 226(a) shall be subject to a civil penalty in the

27  amount of $250 per employee per violation in an initial citation and $1,000 per employee for each

28  violation in a subsequent citation.

13

LAW OFFICES OF
GREGORY A.
DOUGLAS

60.     As a direct and proximate result of knowing and intentional conduct of CONVERGINT, DOES 1-10, and DOES 11-20 in violation of Labor Code § 226, PLAINTIFF is entitled to an award of civil penalties pursuant to Labor Code § 226.3, 2699, and 2699.3.

61.     PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against CONVERGINT, DOES 1-10, and DOES 11-20 for penalties under Labor Code §§ 2698-2699.5.

**FOURTH CAUSE OF ACTION**

**(Failure to Pay Minimum Wage – Labor Code §§ 1197, 1197.1, 1194, 1194.2, 2699, and 2699.3 and Section 4 of the Applicable Wage Orders Against All DEFENDANTS)**

62.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

63.     Labor Code § 1197 provides that "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of less than the minimum so fixed is unlawful."

64.     At all relevant times herein, DEFENDANTS, and each of them, routinely and systematically failed to properly record accurate time records for PLAINTIFF, showing when PLAINTIFF began and ended each work period.

65.     At all relevant times herein, DEFENDANTS, and each of them, paid PLAINTIFF the Wage Rate, regardless of the actual hours worked by PLAINTIFF.

66.     By failing to properly record the actual hours worked by PLAINTIFF, and paying to PLAINTIFF the Wage Rate, regardless of the actual hours worked, DEFENDANTS, and each of them, routinely and systematically failed to pay PLAINTIFF for all of the hours actually worked at the legal minimum wage as required by Labor Code § 1197.

67.     Specifically, the total wages paid to PLAINTIFF, divided by the actual hours worked by PLAINTIFF, equaled an hourly rate of pay which was less than the applicable minimum wage under California law, in effect during the period worked. DEFENDANTS, and each of them, are in violation of Labor Code § 1197.

68.     As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 1197, PLAINTIFF has been damaged in that the PLAINTIFF has not received all wages due and owing, and has suffered, and continues to suffer losses related to the use and enjoyment of wages and lost interest on such wages all to PLAINTIFF's damage in amounts according to proof at trial.

69.     As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 1197, PLAINTIFF is entitled, pursuant to Labor Code § 1194(a), to recover the unpaid balance of the full amount of this minimum wage compensation due, including interest thereon, together with reasonable attorney's fees and costs of suit.

70.     As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 1197, PLAINTIFF is entitled to recover liquidated damages pursuant to Labor Code § 1194.2, in an amount equal to wages unlawfully unpaid plus interest, according to proof at trial.

71.     Labor Code § 1197.1 provides for a civil penalty to be assessed against any employer or other person acting either individually or as an officer, agent, or employee of an employer, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission.

72.     PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting either individually, or as an officer, agent, or employee of PLAINTIFF's employer pursuant to Labor Code § 1197.1 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

73.     As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 1197, PLAINTIFF is entitled, pursuant to Labor Code §§ 1197.1, 2699, and 2699.3, to recover a penalty of $100 for each underpaid employee for each pay period for which the employee is underpaid for any initial violation that is intentionally committed; and $250 for each underpaid employee for each pay period for which the employee is underpaid for each subsequent

1  violation for the same specific offense, regardless of whether the initial violation is intentionally

2  committed.

3      74.    PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1),

4  as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action,

5  prior to commencing this action. PLAINTIFF therefore has a private right of action against

6  DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

7  **FIFTH CAUSE OF ACTION**

8  **(Failure to Pay Wage on Regularly Established Paydays– Labor Code §§ 204, 210, 2699, and**

9  **2699.3 Against All DEFENDANTS)**

10      75.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each

11  and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

12      76.    Labor Code § 204 provides in part that "all wages,…,earned by any person in any

13  employment are due and payable twice during each calendar month, on days designated in advance by

14  the employer as the regular paydays…"

15      77.    At all relevant times herein, DEFENDANTS, and each of them, failed to pay to

16  PLAINTIFF, on regularly established paydays, all earned wages to which PLAINTIFF was entitled,

17  respectively, under the Labor Code and applicable Wage Orders, as alleged in this Complaint, and

18  incorporated herein by reference.

19      78.    In violation of Labor Code § 204, DEFENDANTS, and each of them, at all relevant

20  times herein, willfully and intentionally refused to perform their obligations to compensate

21  PLAINTIFF for all wages earned.

22      79.    Labor Code § 210 provides for a civil penalty to be assessed against "every person"

23  who fails to pay the wages of each employee as provided in Labor Code § 204.

24      80.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS,

25  and each of them, at all relevant times herein, were "person[s]" under Labor Code § 210 for purposes

26  of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties

27  payable to PLAINTIFF.

28

LAW OFFICES OF
GREGORY A.
DOUGLAS

81.     As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 204, PLAINTIFF is entitled, pursuant to Labor Code §§ 210, 2699, and 2699.3, to recover a penalty of $100 for failure to pay each employee for the initial violation; and $200 for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld for each subsequent violation, or any willful or intentional violation.

82.     PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

## SIXTH CAUSE OF ACTION

**(Failure to Pay all Wages at Time of Discharge - Labor Code §§ 201, 202, 203, 227.3, 558, 2699, 2699.3 and 2699.5 Against CONVERGINT, DOES 1-10, and DOES 11-20)**

83.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

84.     Labor Code § 201(a) provides "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately..."

85.     Labor Code § 202(a) provides "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

86.     Upon termination of PLAINTIFF's employment relationship, CONVERGINT, DOES 1-10, and DOES 11-20 willfully failed and refused to timely pay to PLAINTIFF, pursuant to Labor Code §§ 201(a) and 202(a), respectively, all wages earned as alleged in this Complaint, and incorporated herein by reference.

87.     Labor Code § 558 provides for a civil penalty to be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated, a provision of the California Labor Code regulating wages, hours and working conditions.

88.     PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

89.     CONVERGINT, DOES 1-10, and DOES 11-20 continue to willfully fail and refuse to pay to PLAINTIFF all wages earned as alleged in this Complaint, and incorporated herein by reference.

90.     As a direct and proximate result of the willful conduct of CONVERGINT, DOES 1-10, and DOES 11-20 in violation of Labor Code §§ 201, 202, and 227.3, PLAINTIFF is entitled, pursuant to Labor Code § 203, 2699, and 2699.3, to recover waiting time penalties, calculated as a continuance of PLAINTIFF's wages from the due date of the wage at the same rate until paid or until an action therefore is commenced, up to and including 30 days.

91.     PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against CONVERGINT, DOES 1-10, and DOES 11-20 for penalties under Labor Code §§ 2698-2699.5.

**SEVENTH CAUSE OF ACTION**

**(For Unfair Competition In Violation of Unfair Business Practices- Business & Professions Code**

**§§ 17200 et. seq. Against All DEFENDANTS)**

92.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

93.     California Business & Professions Code §§ 17200-et seq. prohibits acts of unfair competition, which includes any "unlawful and unfair business practices."

94.     The conduct by DEFENDANTS, and each them, as alleged herein, have been and continue to be unfair, unlawful, and deleterious to PLAINTIFF herein.  PLAINTIFF hereby seeks to enforce important rights within the meaning of Code of Civil Procedure § 1021.5.  PLAINTIFF is a "person" within the meaning of the Business & Professions Code § 17204, and therefore possesses standing to bring this suit for injunctive relief and restitution.

18

95.     It is the policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

96.     Through the conduct alleged herein, DEFENDANTS, and each of them, acted contrary to these public policies and have engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200 et. seq., depriving PLAINTIFF herein, of the rights, benefits, and privileges guaranteed to employees under California law.

97.     DEFENDANTS, and each of them, regularly and routinely violated the Wage Orders and Labor Code with respect to PLAINTIFF as alleged in this Complaint, and incorporated herein by reference.

98.     By engaging in theses business practices, which are unfair business practices within the meaning of Business & Professions Code §§ 17200-et. seq., DEFENDANTS, and each of them, harmed PLAINTIFF herein, and thus by that design and plan gained an unfair competitive edge in the marketplace.

99.     Under Business & Professions Code § 17203, PLAINTIFF is entitled to obtain restitution of these funds from CONVERGINT, DOES 1-10, and DOES 11-20 on behalf of himself/themselves and others affected by the unfair business practices of DEFENDANTS, and each of them, as enumerated herein.

100.    Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to prevent DEFENDANTS, and each of them, from continuing to engage in the unfair business practices as alleged herein.  PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS, and each of them, and persons acting in concert with them, have committed and will continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result.  PLAINTIFF has no plain, speedy, or adequate remedy at law, in that pecuniary compensation would not afford adequate and complete relief.  The above-described acts will cause great and irreparable damage to PLAINTIFF herein, unless DEFENDANTS, and each of them, are restrained from committing further illegal acts.

19

101.   PLAINTIFF's success in this action will result in the enforcement of important rights. Private enforcement of the rights enumerated in this complaint is necessary, as public agencies have only sought limited enforcement of those rights, if any. PLAINTIFF, individually and by and through counsel, has incurred and continues to incur a financial burden in pursuing this action. PLAINTIFF further seeks to enjoin the above-referenced unlawful actions under the Labor Code. Therefore, PLAINTIFF seeks an award of attorney's fees and costs of suit on this cause of action pursuant to Code of Civil Procedure § 1021.5 and other applicable Labor Code sections.

WHEREFORE, PLAINTIFF respectfully prays this Court enter judgment in favor of PLAINTIFF, and against DEFENDANTS, and each of them, as follows:

1.   For compensatory damages as may be established according to proof at trial;

2.   For all unpaid wages as may be established according to proof at trial;

3.   For liquidated damages as may be established according to proof at trial;

4.   For prejudgment and post-judgment interest on all damages awarded, at the legal rate;

5.   For all statutory and civil penalties as may be established according to proof at trial;

6.   For reasonable attorney's fees;

7.   For costs of suit incurred;

8.   For restitution of all monies due to PLAINTIFF, and disgorgement of profits from the unlawful business practices of DEFENDANTS, and each of them;

9.   For a preliminary and permanent injunction ordering DEFENDANTS, and each of them, to cease such unlawful and unfair practices as alleged hereinabove and proved to the Court at the time of trial, requiring the establishment of appropriate and effective means to prevent future violations; and

10.   For such other and further relief as the Court deems just and proper.

DATED: July 13, 2016                           LAW OFFICES OF GREGORY A. DOUGLAS

                                               _Gregory A. Douglas_
                                               Gregory A. Douglas
                                               Attorneys for PLAINTIFF
                                               HUGH DILTZ

LAW OFFICES OF
GREGORY A.
DOUGLAS

Law Offices of Gregory A. Douglas
Attn: Douglas, Gregory A.
5500 Bolsa Ave.
Suite 201
Huntington Beach, CA   92649____

## Superior Court of California, County of Alameda

| | |
|---|---|
| Diltz | No. RG16823242 |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| Convergint Technologies LLC | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **11/28/2016** | Department: **24** | Judge: **Frank Roesch** |
|---|---|---|
| Time: **09:00 AM** | Location: **Administration Building** | Clerk: **Param Bir** |
| | **Third Floor** | Clerk telephone: **(510) 267-6940** |
| | **1221 Oak Street, Oakland  CA 94612** | E-mail: |
| | | **Dept.24@alameda.courts.ca.gov** |
| | Internet: **www.alameda.courts.ca.gov** | Fax: **(510) 267-1509** |

### ORDERS

1. **Plaintiff must:**

    a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

    b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference must:**

    a. **Meet and confer,** in person or by telephone as required by Cal. Rules of Court, rule 3.724;

    b. **File and serve** a completed *Case Management Statement* on Form CM-110 at least 15 days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

    c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff*.

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc*.

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG16823242
Case Title:     Diltz VS Convergint Technologies LLC
Date of Filing: 07/14/2016

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| Judge: | Frank Roesch |
| Department: | 24 |
| Address: | Administration Building |
| | 1221 Oak Street |
| | Oakland  CA  94612 |
| Phone Number: | (510) 267-6940 |
| Fax Number: | (510) 267-1509 |
| Email Address: | Dept.24@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, George E. McDonald Hall of Justice, 2233 Shoreline Drive, Alameda, California, 94501 and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Frank Roesch
DEPARTMENT 24

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)  and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days".  Plaintiff received that form in the ADR information package at the time the complaint was filed.  The court's Web site also contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1) Meet and Confer Requirements are strictly enforced in Discovery Disputes. Counsel are reminded of their duty to act professionally and respectfully. (2) An informal discovery resolution process is provided for represented parties. Contact the clerk for details. (3) Courtesy Copies delivered directly to Dept 24 are required for all motions and applications. If said filing collectively measures two or more inches, please deliver the Courtesy Copy in binders separated with tabs and indexed. (4) DATES: email is preferred for scheduling. Court is in session all day and cannot respond adequately to phone calls. (5) Other than for scheduling matters, parties MUST COPY all sides when communicating via email with the Court.  Email is NOT a substitute for filing pleadings/documents. Further, parties are reminded that the Court Clerk is prohibited from giving legal advice. (6) Self-represented parties are encouraged to use the Self-Help Center at RCD.

Schedule for Department 24

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.  Parties must confer on agreeable dates consistent with the court's schedules before contacting the clerk to reserve a date.  Email request will result in a faster response.

- Trials generally are held:  Mondays through Thursdays at 9 a.m.  Trial Readiness Conference set about 10 days prior to trial on Fridays at 10 am.  Compliance with Local Rule 3.35 and personal appearance of trial counsel required on that date.

- Case Management Conferences are held:  Monday, Wednesday and Friday at 9 a.m.  Tentative orders are generally posted in advance.

- Law and Motion matters are heard:  Tues and Thurs at 3:45 p.m. Litigants must contact the clerk to reserve a date before filing any law and motion matters. The

court does issue tentative rulings.  See Local Rule 3.30(c). To contest a ruling, call or e-mail Dept. 24 in a timely manner.

- Settlement Conferences are heard:  MSC may be set, but court resources are limited.  Counsel are encouraged to consider alternative dispute resolution options. MSC will be specially set when deemed appropriate.

- Ex Parte matters are heard:  Monday through Thursday at 4 p.m.  Litigants must contact the clerk to reserve a date and time before noticing any party.

- Collection trials, prove-up hearings, and orders of examination are set on Fridays at 2 pm.

- In all matters, Counsel are expected to be familiar with the Statement of Professionalism and Civility published by the Alameda County Bar Association (www.acbanet.org).

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:          Dept.24@alameda.courts.ca.gov
  Phone:          510 267-6940

  Requests for Law & Motion or Ex Parte hearing dates must include: (1) Case Name; (2) Case Number; (3) Title of Motion; (4) Moving Party.

- Ex Parte Matters
  Email:          Dept.24@alameda.courts.ca.gov
  Phone:          510  267-6940

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 24
- Phone:  1-866-223-2244

Dated:  07/15/2016

_____
Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/18/2016

By  _____
Deputy Clerk



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

    o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program (non-binding):** The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration (binding and non-binding)** occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ADR Info Sheet.Rev. 04-2014 gal

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)

**ALA ADR-001**

FOR COURT USE ONLY

TELEPHONE NO.:           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

CASE NUMBER:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1.  Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

    Date:                Time:                Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

    ☐ Court mediation       ☐ Judicial arbitration
    ☐ Private mediation     ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PLAINTIFF)

Date:

_____    ▶ _____
(TYPE OR PRINT NAME)               (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Page 1 of 2
Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____        ▶  _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF DEFENDANT)

Date:

_____        ▶  _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

1    Catherine S. Nasser (State Bar No. 246191)
     cnasser@JonesDay.com
2    Tayanah C. Thomas (State Bar No. 299123)
     tcthomas@jonesday.com
3    JONES DAY
     555 California Street, 26th Floor
4    San Francisco, CA  94104
     Telephone:    +1.415.626.3939
5    Facsimile:    +1.415.875.5700

6    Attorneys for Defendant
     CONVERGINT TECHNOLOGIES LLC
7

**ENDORSED**
**FILED**
ALAMEDA COUNTY

SEP 0 7 2016

CLERK OF THE SUPERIOR COURT
By___Xian-Xii Bowie

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ALAMEDA

10

11   HUGH DILTZ, an individual,                    **Case No. RG16823242**

12                  Plaintiff,                      Assigned for all purposes to
                                                    Honorable Frank Roesch
13          v.                                      Dept. 24

14   CONVERGINT TECHNOLOGIES LLC, a                **DEFENDANT CONVERGINT**
     limited liability corporation; DOES 1-10,     **TECHNOLOGIES LLC'S ANSWER**
15   business entit(ies), form(s) unknown; DOES    **AND AFFIRMATIVE DEFENSES TO**
     11-20, individual(s); and DOES 21-30,         **PLAINTIFF'S UNVERIFIED**
16   inclusive,                                     **COMPLAINT**

17                  Defendant(s).                   Complaint Filed:  July 14, 2016

18

19

20

21

22

23

24

25

26

27

28

---

Case No. RG16823242                        DEFENDANT'S ANSWER TO PLAINTIFF'S
                                                                      COMPLAINT

Convergint Technologies LLC ("Defendant") answers the unverified Complaint for Damages, Restitution and Statutory Penalties ("Complaint") of Plaintiff Hugh Diltz ("Diltz" or "Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally denies each and every allegation in the Complaint.  Without limiting the foregoing, Defendant further denies that Plaintiff has suffered damage in any sum, or at all, and further denies that Plaintiff is entitled to any damages, interest, costs, and/or other relief prayed for in the Complaint by reason of any act or omission of Defendant.

Without waiving the foregoing answer and as further, separate and additional defenses to the allegations in the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim – All Causes of Action)

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver, Release, Acquiescence and Estoppel – All Causes of Action)

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, acquiescence and/or estoppel by reason of Plaintiff's own actions and course of conduct.

## THIRD AFFIRMATIVE DEFENSE

### (Laches and Unclean Hands – All Causes of Action)

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations – All Causes of Action)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 338, 339, 340  and California Business and Professions Code § 17208.

1

## FIFTH AFFIRMATIVE DEFENSE

2

(No Willfulness – Causes of Action 1 through 6)

3      Plaintiff is not entitled to the relief requested in the Complaint, including penalties under

4   the Labor Code, because, even if such unlawful actions occurred, which Defendant denies, such

5   conduct was prohibited by Defendant and was not committed, countenanced, ratified or approved

6   by managing agents of Defendant.

7

## SIXTH AFFIRMATIVE DEFENSE

8

(Good Faith Defense to Waiting Time Penalties – Cause of Action 6)

9      Plaintiff is not entitled to waiting time penalties under Section 203 of the California Labor

10  Code because Defendant disputes, in good faith, that any wages are due.

11

## SEVENTH AFFIRMATIVE DEFENSE

12

(No Penalties – Causes of Action 1 through 6)

13      Plaintiff is not entitled to any penalty award under Sections 203 or 226 of the California

14  Labor Code, or liquidated damages under Section 1194.2 of the Labor Code since, at all times

15  relevant and material herein, Defendant did not willfully fail to comply with the compensation

16  provisions of California Labor Code §§ 200, *et seq.*, but rather acted in good faith and had

17  reasonable grounds for believing that it did not violate the compensation provisions of the

18  California Labor Code.

19

## EIGHTH AFFIRMATIVE DEFENSE

20

(Failure to Exhaust Administrative Remedies – PAGA Allegations)

21      Plaintiff  failed to exhaust the administrative remedies he is required to exhaust before he

22  may bring a claim pursuant to the Labor Code Private Attorneys' General Act, Cal. Lab. Code §

23  2698, *et seq.*

24

## NINTH AFFIRMATIVE DEFENSE

25

(Failure to Mitigate – All Causes of Action)

26      Plaintiff's claims are barred, in whole or part, by his failure to mitigate or reasonably

attempt to mitigate his damages, if any.

27

28

### TENTH AFFIRMATIVE DEFENSE

(Satisfaction – All Causes of Action)

Plaintiff's claims are barred because Plaintiff has been paid and/or received all wages due to him.

### ELEVENTH AFFIRMATIVE DEFENSE

(Good faith – All Causes of Action)

Plaintiff's claims are barred because the complained-of conduct, if any, was taken in good faith and in reliance on the existing and applicable laws.

### TWELFTH AFFIRMATIVE DEFENSE

(No Standing – All Causes of Action )

Plaintiff's claims are barred because Plaintiff lacks standing to assert them.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Set Off – All Causes of Action)

Defendant is entitled to set off, and/or to recoup, any monies paid to Plaintiff or the putative class members

### ADDITIONAL DEFENSE

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff takes nothing by reason of the Complaint;

2.    That the Complaint be dismissed in its entirety with prejudice;

3.    That judgment be entered for Defendant;

4.    That Defendant shall recover all costs of suit and reasonable attorneys' fees incurred herein; and

5.    For such other and further relief as the Court deems just and proper.

1   Dated: September 7, 2016                    JONES DAY

2

3                                              By:  _____

4                                                   Catherine S. Nasser

5                                              Attorneys for Defendant
                                               CONVERGINT TECHNOLOGIES LLC

6   NAI-1501983767v2

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. RG16823242                    - 4 -        DEFENDANT'S ANSWER TO PLAINTIFF'S
                                                                            COMPLAINT

## PROOF OF SERVICE

I, Sandra Altamirano, declare:

I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 555 California Street, 26th Floor, San Francisco, California  94104.  On **September 7, 2016**, I served a copy of the within document(s):

**DEFENDANT CONVERGINT TECHNOLOGIES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed FEDERAL EXPRESS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FEDERAL EXPRESS agent for delivery.

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

> Gregory A. Douglas
> Jamie McCrary
> Law Offices of Gregory A. Douglas
> 5500 Bolsa Ave., Ste., 201
> Huntington Beach, CA 92649

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 7, 2016**, at San Francisco, California.

_____
Sandra Altamirano